FILED
United States Court of Appeals
Tenth Circuit

August 28, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

In re:

LEROY BUHL,

        Petitioner.

No. 14-1250
(D.C. No. 1:14-CV-01476-BNB)
(D. Colo.)

---

**ORDER**

---

Before **BACHARACH**, **EBEL**, and **PHILLIPS**, Circuit Judges.

---

      Leroy Buhl, proceeding pro se, petitions for a writ of mandamus directing the district court to order the warden at the United States Penitentiary, Administrative Maximum, in Florence, Colorado, to transfer him to another prison. We deny mandamus relief.

      Mr. Buhl contends that after he was assaulted by an inmate, he was placed in the special housing unit without receiving the due process requirement of a timely disciplinary hearing. Although he eventually was cleared of any wrongdoing, he asserts that he was not released from the special housing unit, so he filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, asking the district court to order the warden to release him from the special housing unit. He complains that the magistrate judge improperly issued a notice directing him to cure the deficiencies in his request for leave to proceed in forma pauperis (IFP), thereby suggesting the court acted as the warden's advocate. In addition, Mr. Buhl contends that prison officials

mishandled and withheld the notice and ultimately delivered it to him as regular, not legal, mail, thereby impeding his access to the courts.

Based on these assertions, Mr. Buhl asks us to issue a writ of mandamus directing the district court to order the warden to transfer him to another federal prison. "[A] writ of mandamus is a drastic remedy, and is to be invoked only in extraordinary circumstances." *In re Cooper Tire & Rubber Co.*, 568 F.3d 1180, 1186 (10th Cir. 2009) (internal quotation marks omitted). It "is used only to confine [the district] court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." *Id*. (internal quotation marks omitted).

This case does not present extraordinary circumstances warranting a writ of mandamus. Mr. Buhl has failed to show that the court has a duty to order the warden to transfer him to another prison. Rather, Mr. Buhl must continue with his § 2241 proceedings in the district court, and, if he does not prevail, follow the usual path of appealing. "[M]andamus is not a substitute for an appeal." *Id*.

Accordingly, we deny Mr. Buhl mandamus relief. Also, we deny his IFP motion because this proceeding is meritless and an appeal would not be taken in good faith. *See* 28 U.S.C. § 1915.

                                              Entered for the Court

                                              ELISABETH A. SHUMAKER, Clerk